HARVEY H. LATTA, Appellant, v. NANCY LOCKMAN.

**Brokers:** IMPLIED AGREEMENT TO PAY COMMISSION. Where the owner of premises knew, or is charged with knowledge, that a broker is negotiating a sale of the same for his benefit and permits him to go on and complete the transaction, there is an implied promise to pay for the service; but in the instant case the evidence is held insufficient to support a judgment for plaintiff notwithstanding the verdict for defendant.

**Same:** EVIDENCE. Where there is an implied agreement to pay a broker for his services, evidence of the expectation of either party in regard thereto is immaterial.

**Same:** CONCLUSION. Refusal to permit the broker to testify to a conversation with defendant relative to an offer for her property is held erroneous, but without prejudice, as the conversation inquired about had been fully detailed.

*Appeal from Davis District Court.*—HON. M. A. ROBERTS, Judge.

SATURDAY, OCTOBER 24, 1908.

SUIT to recover a commission for the sale of real estate. Verdict and judgment for defendant. The plaintiff appeals.—*Affirmed.*

*John F. Scarborough* and *Chester W. Whitmore,* for appellant.

*D. H. Payne* and *J. C. Mabry,* for appellee.

SHERWIN, J.—This suit was brought to recover a broker's commission for producing a purchaser for the defendant's farm. The petition alleged that plaintiff, at the request of the defendant, introduced to her a purchaser for her farm, who through the efforts of plaintiff made pursuant to the request and direction of defendant entered into an agree-

ment for the purchase thereof; "said request by defendant to plaintiff and the said efforts by plaintiff having been made by and with the implied agreement and understanding that defendant would, upon the acceptance of such purchaser by defendant, pay to plaintiff the fair and reasonable value of said services." The defendant denied generally and specifically. The appellant says that he was entitled to a judgment notwithstanding the verdict because the uncontradicted evidence in the case shows that plaintiff, with the knowledge of defendant, effected a sale of the farm to Thompson, the man whom he had produced. The plaintiff and Thompson, who was a relation, were strangers to the defendant. Thompson wanted to buy a farm, and the plaintiff wanted to assist him in selecting one. They went to defendant's farm for the purpose of looking it over, and the plaintiff then told defendant that he had brought a man to look at the farm and wanted to know if it was for sale, whereupon the defendant told plaintiff that she did not have any one to show him over the place, but that he could go and look at the farm, and that he would find her son-in-law, "Mr. Jordan in the timber, and that he would show them." The evidence also tended to show that the plaintiff did not at that or any other time during the transaction say anything to the defendant about being a real estate agent, or about selling the farm for her, and that she did not know or suspect that plaintiff was purporting to act for her or as her agent in the matter until about the time she and Thompson had reached an agreement, when, being informed by Jordan that plaintiff wanted a commission, she immediately told him that she would pay none. If the defendant knew, or was charged with knowledge, of the fact that plaintiff was negotiating a sale of the farm for her benefit and permitted him to go on with the matter, she would be bound to pay for such service under an implied promise to so pay, but not otherwise. Such was the theory presented by the

plaintiff in his petition, and the theory upon which the case was tried and submitted to the jury. The jury found against the plaintiff, and the verdict was warranted by the evidence. It would, therefore, have been error to give the plaintiff a judgment notwithstanding the verdict for the defendant.

Complaint is made of the refusal to give instructions asked by the plaintiff, and of some of those given by the court on its own motion. These complaints are too numerous and the instructions given and refused are too long to be separately noticed and discussed. It is sufficient to say that we have given all of them careful consideration, and conclude that the case made by the parties was fully and fairly presented to the jury in the instructions given, and that the plaintiff's requests, so far as they announced the law applicable to the issues made, were embodied in the court's instructions.

The plaintiff was not permitted to testify that he expected to receive pay for the services he claimed to have rendered the defendant, and we think the ruling right. 2. SAME: evidence. If there was an implied agreement between the parties, the intent or expectation of either was wholly immaterial.

It was not error to exclude testimony to the effect that Thompson had not agreed to pay plaintiff for his services. No such issue was made, and the matter was therefore immaterial.

The plaintiff was asked this question: "Did you have any conversation with Mrs. Lockman in which either you or Mr. Thompson offered a price on the farm? When was 3. SAME: conclusion. that, who was present, and what was said?" His answer was excluded on the ground that the question called for the opinion and conclusion of the witness. The objection was not good, but there was no prejudice in the ruling because the conversations

between all the parties were fully detailed by the several witnesses.

Two or three other rulings on the admission of testimony are assailed, but they are of minor importance, and nothing of a prejudicial character appears therein.

The judgment is right, and it is *affirmed.*